UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CRYSTAL MERRILL,

Plaintiff,

v.

FRANK HARRIS,

Defendant.

Case No. 2:26-cv-01402-CDS-EJY

**ORDER**

Pending before the Court is Defendant's Motion for Appointment of Counsel. ECF No. 11. As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for an indigent civil litigant to commence, prosecute, or defend a civil action. *United States v. McQuade,* 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).

A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In this case, Defendant fails to establish exceptional circumstances and the record does not suggest any. In his Motion, Defendant states he is seeking appointment of counsel because he is an unemployed single father who lacks the legal training and skills to defend himself in this suit. ECF No. 11 at 4-5. However, it is well established that indigence and a lack of legal knowledge are not exceptional circumstances that justify the appointment of counsel. *Gruber v. Johnson,* Case No. 2:23-CV-01824-FLA (MAA), 2025 WL 2994537, at *2 (C.D. Cal. May 2, 2025)

("Indigence and lack of knowledge of the law are not 'exceptional circumstances' but rather difficulties common to most *pro se* litigants."); *F.T.C. v. Ideal Fin. Sols., Inc.*, Case No. 2:13-CV-00143-JAD-GWF, 2014 WL 4541191, at *4 (D. Nev. Sept. 9, 2014) (denying pro se Defendant's request for appointment of counsel finding their indigence, lack of legal understanding, and unsupported assertion of mental disability to not be exceptional circumstances).

In *Newton v. Wintersteen*, Case No. 2:16-cv-01705-RFB-PAL, 2017 WL 3469270, *2 (D. Nev. Aug. 9, 2017), Judge Leen explained,

> The court appreciates that it is difficult for pro se parties to litigate their claims and that almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept a pro bono appointment is very small.

Because this is the reality under which the Court must operate, appointment of counsel in this case, at this time, is unwarranted.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Appointment of Counsel (ECF No.11) is DENIED.

Dated this 21st day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE